IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,

    Plaintiff,

v.                                                                 CASE NO. 5:11-cv-205-RH-GRJ

FRANK BAILEY, et al.,

    Defendants.

_____/

## **O R D E R**

    This case is before the Court on Doc. 8, Plaintiff's Motion To Seal Case. Plaintiff requests the Court to "conceal the facts and claims in this case" because of Plaintiff's concern about reprisals from various law enforcement officers.

    The Court finds that Plaintiff's request lacks merit and, as a practical matter, would make it impossible to proceed with this case if the Court was to conceal the facts and claims. In any event, there is a strong presumption of openness in court proceedings. *See*, *e.g.*, *United States v. Doe*, 63 f.3d 121, 125-27 (2nd Cir. 1995). Given the presumption of openness, proceedings should be closed only when "essential to preserve higher values," and any such order must be "narrowly tailored to serve that interest." *Id*. at 127 (internal quotations and citations omitted). In considering such a motion, a court must consider whether there is a substantial probability of prejudice to a compelling interest, whether reasonable alternatives are available, and whether the interest at issue overrides the public's First Amendment right of access. *Id*. at 128. A court may summarily deny such a motion "in circumstances

*Page 2 of 2*

where a conclusory or wholly implausible allegation of danger is presented." *Id*. at 130.

This is such a case. Plaintiff's allegation of potential harm based upon events, which Plaintiff alleges occurred in 2005, is wholly conclusional and speculative, and therefore the motion should be denied.  *See id*.

Accordingly, it is **ORDERED:**

Plaintiff's Motion to Seal Case, doc. 8, is **DENIED**.

**DONE AND ORDERED** this 5th  day of August 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 5:11-cv-205-RH-GRJ*